UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-05-GWU

| | | |
|---|---|---|
| CORA HUBBARD<br>For JOHNNY HUBBARD, a child, | | PLAINTIFF |
| VS. | **MEMORANDUM OPINION** | |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY | | DEFENDANT |

## INTRODUCTION

Cora Hubbard brought this action on behalf of her son, Johnny Hubbard, to obtain judicial review of an unfavorable administrative decision on his application for Child's Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 <u>strict</u> standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

07-05  Hubbard

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2.  20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. Section 416.924.  If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI.  Section 416.926a.  Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning).  Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Johnny Hubbard, a 9 year-old elementary school student, suffered from impairments related to attention deficit disorder, a learning disorder and asthma.  (Tr. 16).  Despite the plaintiff's impairments, the ALJ determined that he did not meet, medically equal or functionally equal the requirements of any of the Listing of Impairments Sections.  (Tr. 17).  Therefore, the claimant could not be considered totally disabled.  (Tr. 23).

07-05  Hubbard

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

No treating, examining or reviewing source of record indicated that the Hubbard boy's condition met or medically equaled the requirements of one of the Sections of the Listing of Impairments.  The plaintiff does not challenge this portion of the administrative decision.  The only issue raised by the claimant concerns the question of functional equivalence.

In order to "functionally equal" the requirements of a Listing, a claimant must prove that he has a "marked" limitation of ability in two of six broad areas of functioning known as "domains" or an "extreme" limitation of ability in one domain. 20 C.F.R. Section 416.926a(d).  A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain, or complete tasks."  20 C.F.R. Section 416.926a(e)(2).  An "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain or complete activities."   20 C.F.R. Section 416.923(a)(e)(3).  The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well being.  20 C.F.R. Section 416.926a(b)(1).

07-05 Hubbard

In the present action, the ALJ determined that Hubbard's impairments imposed a "less than marked" restriction in the domains of acquiring and using information, attending and completing tasks, self-care, and health and physical well-being. (Tr. 19-22). The ALJ found no limitation in the domains of interacting and relating with others and moving about and manipulating objects. (Tr. 20-21).

Hubbard primarily argues that the ALJ erred in finding that his limitation in the domain of acquiring and using information was less than marked. The plaintiff asserts that the ALJ disregarded favorable portions of the Teacher Questionnaire. He notes that the classroom teacher rated his ability at 4, indicating a "serious" problem in three areas--reading and comprehending written material, comprehending and doing math problems, and expressing ideas in written form. (Tr. 100). However, the teacher did not note any problems of a "very serious" nature with a rating of 5. (Id.). The child was noted to have a 3 rating indicating an "obvious" problem in three areas, a "slight" problem in two areas and no problem in two areas. (Id.). While the boy qualified for special education services in reading, math and writing, his IQ was reported to fall in the average range. (Tr. 110, 138). The special education teacher indicated that despite these learning problems, the child was capable of functioning in the classroom. (Tr. 110). When the child was last seen by Dr. Shahzad Shahmalak, his treating psychiatrist, the doctor noted that he was making satisfactory grades. (Tr. 162). The boy's father testified during the

4

07-05 Hubbard

administrative hearing that he had recently completed the third grade and been promoted to the fourth. (Tr. 183-184). Psychologists Joanne Sexton (Tr. 143) and Dennis Penn (Tr. 150) each reviewed the record and opined that the boy had a "less than marked" limitation in this domain. These opinions are not contradicted in the record. Therefore, the Court finds that the ALJ dealt properly with the evidence of record relating to this domain.

    With regard to the domain of attending and completing tasks, Hubbard notes that the school psychologist observed his classroom behavior and noted that he had difficulty starting and completing work. (Tr. 132). However, this would not necessarily be inconsistent with a less than marked restriction. Dr. Shahmalak reported that the patient was able to sit in school and get his work done. (Tr. 162). His classroom teacher noted that he was well-behaved and rarely had to be told to get on task. (Tr. 107). His behavior was said not to impede his learning on the Individual Education Program Report. (Tr. 114). Sexton (Tr. 143) and Penn (Tr. 150) each ranked his restriction in this domain as "less than marked" and these opinions are not contradicted in the record. Therefore, the undersigned finds no error with regard to this domain.

    The ALJ found no restriction in the domain of interacting and relating with others. Hubbard's teacher reported that he had no problems in this area. (Tr. 102). His social and emotional status was noted to be commensurate with similar aged

peers on the Individual Education Program Report. (Tr. 111). Low scores in socialization were noted on the Vineland Adaptive Behavior Scales administered by Psychologist Susan Holland. (Tr. 134). These problems would not necessarily rise to a "marked" or "extreme" level. Psychologist James Leisenring, an examining consultant, noted "significant" impairment in communicating and socializing. (Tr. 140). However, the examiner rated the claimant's Global Assessment of Functioning (GAF) at 60. (Tr. 139). Such a GAF suggests the existence of only "moderate" psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34 and would necessarily indicate a marked or extreme restriction as defined in the administrative regulations. The medical reviewers each opined that the claimant's limitation in this domain was less than marked. (Tr. 143, 150). This is more restrictive than what the ALJ found but these ratings are not at the level required to functionally equal a Listing. Therefore, any error would appear harmless.

    The ALJ found no restriction in the domain of moving and manipulating objects. Hubbard's classroom teacher reported no problems in this area. (Tr. 103). Neither reviewer thought that the boy was limited in this domain. (Tr. 144, 151). Therefore, the Court finds no error.

The ALJ properly found that Hubbard's restriction in the domain of caring for himself was less than marked. The plaintiff's teacher indicated no problems in this area. (Tr. 104). Holland's testing revealed only "moderately low" daily living skills. (Tr. 135). Leisenring indicated significant impairment in this area but in view of his GAF rating, a more severe rating than that found by the ALJ is not necessarily indicated. Both reviewers thought that the boy had a less than marked limitation in the area. (Tr. 144, 151). Therefore, the Court finds no error.

The ALJ found Hubbard's restriction in the domain of health and well-being to be less than marked. This finding also is supported by the record. Treatment records from the plaintiff's treating source at Barbourville Family Health reveals mainly treatment for minor ailments such as colds and sore throats. (Tr. 124-130, 158-160). The classroom teacher reported that he rarely missed class due to illness. (Tr. 107). The medical reviewers each opined that his limitation in this area was less than marked. (Tr. 144, 151). Therefore, the Court finds no error.

Hubbard notes that the ALJ makes mention of a statement from the classroom teacher stating that he had not taken his medication. (Tr. 107). The plaintiff complains that this information was not verified by the parents. However, whether or not he was taking his medicine, the teacher noted that he was rarely called down for his behavior and was well-behaved with or without medication. (Tr. 107). The Court sees no error.

07-05 Hubbard

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 24th day of October, 2007.

Signed By:
G. Wix Unthank
United States Senior Judge